# Salyers et al. v. Sword et al.

(Decided Oct. 27, 1933.)

A. F. CHILDERS for appellants.
STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

W. L. Salyers, sometimes called Willie Salyers, and his father, L. H. Salyers, have appealed from a judgment denying them a new trial of a motion for a writ of possession, and enjoining them from interfering with Rush Sword and his tenant, J. C. Charles, in their possession of certain real property.

The property in controversy here was on the 25th day of November, 1922, by the sheriff of Pike county, conveyed to the First State Bank of Elkhorn City. The sheriff sold this property as the property of L. H. Salyers, in whose name the title then appeared of record and had so been for over 12 years. Later that bank failed, and Rush Sword, as special deputy banking commissioner, was put in charge of its affairs.

On July 12, 1926, Sword had a notice served on W. L. Salyers and his father, L. H. Salyers, that on July 30, 1926, he would move the Pike circuit court for a writ of possession of the property described in his deed. (Practice provided for by section 1689, Ky. St.) Civil cases are actions or special proceedings. Section 1 Ky. Civil Code of Practice. This was a special

proceeding (section 3, Ky. Civil Code of Practice); the practice therein is governed by sections 444-449 of Ky. Civil Code of Practice. See section 1689, Ky. Stat.

On Dec. 6, 1926, the following response to that motion was filed:

"The Respondent, Willie Salyers says that he is the owner of and in the actual possession of the land set out and described in plaintiffs' motion for a writ, to wit: (We omit the description).

"He says that he purchased the land above described in the year 1912 and took possession of same and he has been the owner of said land and continuously in possession thereof at all times since 1812.

"Respondent further says that the plaintiff herein on the 14th day of September 1920, obtained a judgment in this court against Alex Matney, L. H. Salyers, H. R. Matney and Tom Roberts, which judgment will be found in Order Book 20, at page 586.

"He says that he was not a party to said action and that the plaintiff had no cause of action against him and no judgment was at any time rendered against him in favor of this plaintiff, but that notwithstanding these facts, the plaintiff caused an execution to be issued against the defendants, Alex Matney, L. H. Salyers, R. H. Matney and Tom Roberts and same was placed in the hands of the Sheriff of Pike County and the said Sheriff without this Respondent's knowledge, levied same on this Respondent's land which is described in plaintiff's motion herein and that same was sold without Respondent's knowledge and bid in by the plaintiff after which Plaintiff obtained a Sheriff's deed to the said tract of land, and that this Respondent had no knowledge or information of the levy or sale under the execution or the delivery or recordation of the deed until this notice was served on him. He says that he does not owe plaintiff anything and it has no cause of action against him and that it is without right to sell his property for the debt of others and that said sale and deed are void and that plaintiff is not entitled to the relief sought in its motion.

"Wherefore he prays that plaintiff's motion be overruled; that he have judgment for his cost herein and all relief."

On December 8, 1926, Sword filed reply to this response, putting in issue Willie Salyers' claim of purchase in 1912, his claim of ownership, his claim of ignorance of the levy of the execution, his claim of interest in the land, his claim of ignorance of the making and recording of the sheriff's deed. From this it will be seen that every defense W. L. Salyers asserts in his response is an affirmative defense which he had the burden of proving. With the motion and pleas in that state this order was entered on April 27, 1927:

"It appearing from affidavit that defendants are unable to be present to try this case on today, and by agreement this cause on this motion will be prepared for trial on depositions by both parties by the next term of this court, and this cause is continued. It is agreed that either party may file additional pleadings at any rule day between now and the next term of court."

The next term of Pike circuit court began on the 13th day of June and closed the 2d day of July. See section 965-35, Ky. St. Neither W. L. Salyers or his father took a line of proof, and nothing was done for more than a year when on July 20, 1928, an order was made containing this:

"This case coming on for trial and the plaintiff announcing ready, and the defendants not being present; thereupon the plaintiff filed Sheriff's Deed from L. H. Salyers by J. M. Johnson, Sheriff of Pike County, to First State Bank of Elkhorn City, of date November 25th, 1922, recorded in Deed Book 116, page 52 Pike County Court Records, as evidence herein and the case being submitted for judgment and the court being advised is of opinion that the plaintiff is entitled to a writ of possession herein," etc.

Further in this order the property is described, and the clerk was directed to issue to plaintiff Sword a writ of possession on demand. Writ issued on August 3, 1928, and was served on W. L. Salyers August 8, 1928.

As soon as the sheriff left, W. L. Salyers and his father disregarded the writ of possession and proceeded to take charge again. On the next day Sword sued them in equity and procured a restraining order. On October 3, 1928, they moved to dissolve or modify it, and nothing was done until July 7, 1930, when W. L. Salyers and his father filed an answer.

On July 1, 1930, W. L. Salyers filed a suit against Sword for new trial of Sword's motion for writ of possession, his ground for new trial being that no depositions had been taken as provided by the above order of April 27, 1927; that the order of July 20, 1928, had fraudulently been taken by Sword in the absence of W. L. Salyers and his counsel; and that W. L. Salyers was in possession of this property claiming it as his own, and that it was his own on January 28, 1921, when the sheriff tried to levy on it, and that he was in possession of this land and owned it on February 21, 1921, when the sheriff attempted to sell it, and the same was the case on November 21, 1922, when the sheriff attempted to make a deed to the bank, and that this levy sale and deed were void because of his possession and section 210, Ky. St.

Both sides now got busy and filed numbers of pleadings in the suit for the restraining order and in the suit for a new trial, and Salyers found some proof to sustain his petition for new trial, and which perhaps would have served him well if he had put it in before the next term of the court as the court directed him to do in the order of April 27, 1927, but there must be somewhere some end to litigation. He is in no position to complain of what the court did on July 20, 1928. He and his father had both known for two years of the pendency of the motion for a writ of possession, and had done nothing to avert the danger they knew was impending.

Everything W. L. Salyers pleads, says, and tries to prove is sharply disputed by pleadings and proof, but, if it were all true, he would still be in most serious difficulty, for he allowed this title to stand of record in the name of L. H. Salyers all the time, and the bank perhaps extended the credit that it did to L. H. Salyers while the title so stood; hence section 496, Ky. St., would give him considerable trouble. If he ever had

any rights in the premises, which is extremely doubtful, he has certainly lost them by sleeping on them as he did.

The judgment is affirmed.